**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NATALIA GONZALEZ et al., | Case No. 16-cv-02590-NGG-JO |
| Plaintiffs, | |
| v. | |
| COSTCO WHOLESALE CORPORATION et al., | |
| Defendants. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S

## SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

STATEMENT OF FACTS .................................................................................................. 2

ARGUMENT ...................................................................................................................... 4

    I.    **This Court Has Personal Jurisdiction Over Defendant for Plaintiff Gonzalez's Claims and Those of the Putative Nationwide Class.** ........................................................ 6

    II.    **Plaintiff Gonzales Has Established That She Has Article III Standing.** ................... 8

        A.    **Plaintiff Gonzalez Adequately Alleges Injury for Purposes of Article III Standing.** 9

        B.    **Plaintiff Gonzalez Has Standing to Seek Injunctive Relief.** .................................. 10

    III.    **Plaintiff Gonzalez States Viable Claims as a Matter of Law.** ................................. 12

        A.    **Plaintiff Gonzalez Pled Sufficient Facts to Support Her Warranty Claim.** ........ 12

        B.    **Plaintiff Gonzalez May Plead Unjust Enrichment in the Alternative.** ................ 13

        C.    **Plaintiff Gonzalez Alleges Pecuniary and Actual Harm.** ..................................... 15

        D.    **The Products Are Not What Reasonable Consumers Expect "Environmentally Responsible" Products to Be.** ......................................................................... 16

    CONCLUSION ............................................................................................................. 20

# TABLE OF AUTHORITIES

Cases

*A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76 (2d Cir. 1993) ..................................................... 5

*Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG) (RML), 2010 U.S. Dist. LEXIS 73156 (E.D.N.Y. July 21, 2010) ........................................................................................ passim

*AM Tr. v. UBS AG*, 78 F. Supp. 3d 977 (N.D. Cal. 2015) ............................................................. 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................... 5

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120 (2d Cir. 2002) .............. 6

*Beach v. Citigroup Alt. Invs. LLC*, 2014 U.S. Dist. LEXIS 30032 (S.D.N.Y. Mar. 7, 2014) ........ 8

*Belfiore v. P&G*, 94 F. Supp. 3d 440 (E.D.N.Y. 2015) ............................................................. 12

*Beth Israel Medical Ctr. v. Horizon Blue Cross & Blue Shield, Inc.,* 448 F.3d 573 (2d Cir. 2006) .......................................................................................................................................... 14

*Bristol-Myers Squibb Co. v. Superior Court of California, San Fancisco Cty.*, 137 S. Ct. 1773 (2017) ...................................................................................................................... 6, 7

*Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2017 U.S. Dist. LEXIS 142572 (N.D. Cal. Sep. 1, 2017) .............................................................................................. 6, 7

*Carter v. HealthPort Techs., LLC*, 822 F.3d 47 (2d Cir. 2016) ............................................. 4, 5, 9

*Davidson v. Kimberly-Clark Corp.*, No. 15-16173, 2017 U.S. App. LEXIS 20670 (9th Cir. May 18, 2017) ........................................................................................................................ 11

*Day v. Air Methods Corp.*, Civil Action No. 5: 17-183-DCR, 2017 U.S. Dist. LEXIS 174693 (E.D. Ky. Oct. 23, 2017) ........................................................................................................ 7

*Delgado v. Ocwen Loan Servicing*, LLC, No. 13-CV-4427, 2014 WL 4773991 (E.D.N.Y. Sept. 24, 2014) ........................................................................................................................ 18

*Devlin v. Scardelletti*, 536 U.S. 1, 9-10, 122 S. Ct. 2005, 153 L. Ed. 2d 27 (2002)...................... 8

*Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088 (N.D. Cal. 2007).......................................... 14

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp.*, No. 17-cv-00564 NC, 2017 U.S. Dist. LEXIS 155654 (N.D. Cal. Sep. 22, 2017)........................................................................................ 7

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) .................................................................. 6

*Goonewardena v. New York State Workers' Comp. Bd.*, No. 09-8244, 2011 WL 4822553 (S.D.N.Y. Oct. 5, 2011) ....................................................................................... 5, 18

*Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 U.S. Dist. LEXIS 41077 (C.D. Cal. Apr. 11, 2011) ..................................................................................... 12, 19

*Hidalgo v. Johnson & Johnson Consumer Cos.*, 148 F. Supp. 3d 285 (S.D.N.Y. 2015) ............ 18

*Hirsch v. Hui Zhen Huang*, No. 10-9497, 2011 WL 6129939 (S.D.N.Y. Dec. 9, 2011)............... 9

*In re Frito-Lay N. Am., Inc.*, No. 12-MD-2413, 2013 U.S. Dist. LEXIS 123824 (E.D.N.Y. Aug. 29, 2013) ................................................................................................................. 17, 18

*Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181 (2d Cir. 1998) .................................................... 4

*Koehler v. Litehouse, Inc.*, No. 12 CV 04055, 2012 WL 6217635 (N.D. Cal. Dec. 13, 2012) .... 12

*Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274 (S.D.N.Y. 2014)...................................... 17

*Le v. Kohls Dep't Stores, Inc.*, 160 F. Supp. 3d 1096 (E.D. Wis. 2016) ...................................... 11

*Leider v. Ralfe*, 387 F. Supp.2d 283 (S.D.N.Y. 2005) ................................................................ 16

*Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) ........................................................................ 5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ......................................................... 4, 5, 18

*Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666 (E.D.N.Y. 2017)............................................ 19

*New Earthshell Corp. v. Jobookit Holdings Ltd.*, 634 F. App'x 44 (2d Cir. 2015) ...................... 5

*Nicosia v. Amazon, Inc.*, 834 F.3d 220 (2d Cir. 2016)................................................................. 11

*Pirozzi v. Apple, Inc.*, 913 F.Supp.2d 840 (N.D. Cal. 2012)........................................................ 10

*Pirozzi v. Apple, Inc.*, 966 F. Supp. 2d 909 (N.D. Cal. 2013)..................................................... 10

*Richardson v. L'Oreal USA, Inc.*, 991 F. Supp.2d 181 (D.D.C. 2013) ...................................... 11

*Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012) ................................... 11

*San Diego Gun Rights Comm. v. Reno*, 98 F.3d 1121 (9th Cir. 1996) ........................................ 10

*Segedie v. Hain Celestial Group, Inc.*, No. 14-cv-5029, 2015 U.S. Dist. LEXIS 60739 (S.D.N.Y.

May 7, 2015)......................................................................................................................... 18

*Shahinian v. Kimberly-Clark Corp.*, No. CV 14-8390 DMG (SHx), 2015 U.S. Dist. LEXIS 92782

(C.D. Cal. July 10, 2015) ..................................................................................................... 12

*Sierra Club v. Morton*, 405 U.S. 727 (1972) ............................................................................... 10

*Siracusano v. Matrixx Initiatives, Inc.*, 585 F.3d 1167 (9th Cir. 2009)......................................... 5

*St. John's Univ. v. Bolton*, 757 F. Supp. 2d 144 (E.D.N.Y. 2010) ............................................... 14

*Statler v. Dell, Inc.*, 775 F. Supp. 2d 474 (E.D.N.Y. 2011) ......................................................... 5

*Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215 (2d Cir. 2013).............................. 4

*Westways World Travel v. AMR Corp.*, 182 F. Supp. 2d 952 (C.D. Cal. 2001) ........................... 5

*Williams v. Gerber Prods. Co.*, 523 F.3d 934 (9th Cir. 2008)................................................ 1, 17

*Williamson v. Stryker Corp.*, No. 12 CIV. 7083 CM, 2013 WL 3833081 (S.D.N.Y. July 23, 2013)

................................................................................................................................................ 13

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ............................................... 6

*Yeksigian v. Nappi*, 900 F.2d 101 (7th Cir. 1990) ....................................................................... 5

Statutes

N.Y. Gen. Bus. Law § 349............................................................................................................ 15

Other Authorities

Memorandum of Law in Support of Its Motion to Dismiss the Second Amended Complaint

.......................................................................................................................... passim

Second Amended Complaint ................................................................................ passim

Rules

Federal Rule of Civil Procedure 8 ............................................................................ 14

Federal Rules of Civil Procedure 12 ..................................................................... 4, 5, 9

**INTRODUCTION**

Plaintiffs Natalia Gonzalez (a New York resident) and Annallee Dodd (a California resident) (collectively, "Plaintiffs") allege that Defendant Costco Wholesale Corporation ("Costco") labeled a line of dish soaps and laundry soaps (the "Products") in a manner likely to deceive a reasonable consumer into believing that the Products possess characteristics that, in fact, they do not possess. Namely, that the Products are "environmentally responsible." The Products' labels—which portray a picture of a raindrop landing on a green leaf atop a pristine pool of water, and the banner words "environmentally responsible"—suggest that the Products are better for the environment than traditional soaps and detergents. Plaintiffs' Second Amended Complaint (hereinafter "SAC") ¶¶ 7, 41. However, the Products contain unnatural chemicals that can do harm to the environment and that reasonable consumers do not expect in truly "environmentally responsible" products, including sodium hydroxide, sodium lauryl sulfate ("SLS"), lauramine oxide, and methylisothiazolinone ("MI"). *Id.* ¶¶ 55-79. Although these toxic and harmful ingredients are listed on the back of the Products' labels, a consumer is under no obligation to verify the representations on the front of the label by researching the back of the label, and the effects the listed ingredients can cause to the environment. *Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG) (RML), 2010 U.S. Dist. LEXIS 73156, at *62 (E.D.N.Y. July 21, 2010) ("Reasonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box. . . ") quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

In its Memorandum of Law in Support of Its Motion to Dismiss the Second Amended Complaint ("MOL"), Costco urges the Court to adopt the opposite position and to impose an

obligation on the consumer to verify and research the representations made on the front of the label with small print representations on the back of the label, and, moreover, to conduct scientific research to ascertain the veracity of the "environmentally responsible" label.  There is no such obligation under the law.  Costco's attempt to mislead does not negate the fact that Plantiffs' allegations can stand. The allegation  that reasonable consumers who buy products marketed as "environmentally responsible," do not expect those products to contain chemicals that are toxic to wildlife or otherwise harmful to the environment suffices under the law.  Costco essentially argues that the term "environmentally responsible" is a summation of all the other representations on the label and, thus, void of any intrinsic meaning on its own.  Costco is free to argue to the jury that when it placed the words "environmentally responsible" on its labels it did not intend to convey any particular meaning, but that position creates a factual dispute and does not make plaintiffs' allegations fail as a matter of law.

With the exception of Costco's arguments regarding personal jurisdiction, which Plaintiffs partially concede, each of Costco's arguments are without merit as discussed below and Costco's motion to dismiss these claims should be denied.

## STATEMENT OF FACTS

The Second Amended Complaint plainly states viable causes of action and provides details sufficient for the pleading stage. Plaintiffs allege that labels on the Products deliberately created an impression that the Products provide an environmental benefit, despite the Products being substantially the same as any other household cleaners.

The Second Amended Complaint adequately pleads standing and each cause of action. Costco markets a line of laundry soaps and a line of dish soaps that it represents as "environmentally responsible" choices. SAC ¶ 34. Costco conveys to consumers in a number of

ways that use of the Products is "responsible" and will not harm the environment. Most clearly, Costco labels the product as "environmentally responsible" in large lettering—in some cases larger than the description of the product itself. SAC ¶ 41. Costco also places the "environmentally responsible" representation among other imagery that conveys the products are environmentally beneficial: a green leaf floating on a pool of water, a blue circle with a white raindrop, and a "recycling"-type circular arrow. SAC ¶¶ 45-46. Costco couples these words with an icon indicating participation in an EPA "Safer Choice" program, and added several additional icon-style badges promoting alleged environmental and health benefits, such as "biodegradable formula" and "naturally derived." *Id.* ¶ 43. The overall impression created in the mind of a reasonable consumer was that the Products provided environmental and safety benefits that traditional detergents do not. *Id.* ¶ 29.

Plaintiffs saw these labels, believed that the Products were natural, safer, gentle, and environmentally sound alternatives to traditional detergent offerings, and on that basis purchased both the laundry detergent and the dish soap in 2014 and 2015. *Id.* ¶¶ 20-30. Plaintiffs allege that had they known the truth—that the Products contain toxic chemicals that damage wildlife and the environement, and are not substantially different from conventional detergents—they would not have purchased the Products at all, or would not have paid as much for them as they did. *Id.* ¶¶ 15, 24, 27-28 97-99, 106, 112, 130-131, 135, 142, 144, 153.

In its Statement of Facts, MOL at 4-8, Costco seeks to draw attention away from the real issues by focusing on facts that Plaintiffs do not dispute and by imposing pleading burdens upon Plaintiffs that are unrelated to their claims, and unnecessary to state a cause of action. Costco bemoans Plaintiffs' purported "failure" to allege facts such as these:

- how many "units" they purchased, and what their purchase prices were;

3

- whether they paid a "price premium" for the Products, or whether "Costco charges a premium for the Products";

- how they came to discover the labels' deception;

- whether they viewed representations on the label which they do not claim are misleading or deceptive; and

- whether, and how, they used the Products after purchase.

MOL 6-7.   Some of these facts, like price premiums or purchase numbers, are matters for discovery, in order to assess potential damages. Others are completely unrelated to Plaintiffs' consumer-protection claims. ***None*** of the purportedly missing allegations suggests the Second Amended Complaint should be dismissed.

## **ARGUMENT**

Defendant seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Where a Rule 12(b)(1) motion is based solely on the allegations of the pleading, the district court determines "whether the Pleading 'allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue'." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) (internal citation omitted). To defeat a Rule 12(b)(2) Motion, a plaintiff must "'plead[] in good faith, legally sufficient allegations of jurisdiction,' i.e., by making a 'prima facie showing' of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) (citations omitted); *see also Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013) ("In other words, a complaint will survive a motion to dismiss for want of personal jurisdiction so long as its allegations, taken as true, are 'legally sufficient allegations of jurisdiction.'") (citation omitted).  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's claims must have "facial plausibility," that is, the plaintiff must "plead[] factual content that

allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A motion to dismiss tests the legal, not factual, sufficiency of the plaintiff's claims. *See, e.g.*, *Goonewardena v. New York State Workers' Comp. Bd.*, No. 09-8244, 2011 WL 4822553, *3 (S.D.N.Y. Oct. 5, 2011) ("A motion to dismiss serves to test the sufficiency of the complaint and not to weigh evidentiary proffers."); *Ackerman*, 2010 WL 2925955, at *4 ("Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint."). Therefore, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan*, 504 U.S. at 561. The standard of review is the same under Rules 12(b)(1), 12(b)(2), and 12(b)(6). *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)); *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993).

The burden on a motion to dismiss rests with the movant. "[D]efendants have the burden on a motion to dismiss to establish the legal insufficiency of the complaint." *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990); *see also Westways World Travel v. AMR Corp.*, 182 F. Supp. 2d 952, 955 (C.D. Cal. 2001) (same). "When the Rule 12(b)(1) motion is facial, *i.e.,* based solely on the allegations of the complaint or the complaint and exhibits attached to it . . . , the plaintiff has no evidentiary burden." *Carter*, 822 F.3d at 56 (quoting *Lujan*, 504 U.S. at 561) (internal citation omitted). The court must "accept the plaintiffs' allegations as true and construe them in the light most favorable to the plaintiffs." *Siracusano v. Matrixx Initiatives, Inc.*, 585 F.3d 1167, 1177 (9th Cir. 2009); *see also New Earthshell Corp. v. Jobookit Holdings Ltd.*, 634 F. App'x 44, 46 (2d Cir. 2015); *Statler v. Dell, Inc.*, 775 F. Supp. 2d 474, 481 (E.D.N.Y. 2011).

As set forth herein, Plaintiff Gonzalez has met her pleading burden.

I. **This Court Has Personal Jurisdiction Over Defendant for Plaintiff Gonzalez's Claims and Those of the Putative Nationwide Class.**

Costco argues that claims related to Plaintiff Dodd, the California Subclass, and Nationwide Class should be dismissed. However, Costco conflates the claims of the named non-resident Plaintiff and the claims of the unnamed class members. Regarding Plaintiff Gonzalez's claims on behalf of the putative Nationwide class, the pleading stage is not the appropriate time to challenge class allegations. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (holding that class certification issues may be "plain enough from the pleadings," but may also require additional fact finding to dertermine the sufficency of a class); *see Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2017 U.S. Dist. LEXIS 142572, at *47 (N.D. Cal. Sep. 1, 2017) (declining to decide whether the court had specific personal jurisdiction over claims brought on behalf of a nationwide class until the class certification stage). Regarding Plaintiff Dodd's and the California Subclass's claims, Plaintiffs concede those claims may be more properly brought in a court seated in California, and intend to voluntarily dismiss accordingly.

In order for a court to exercise personal jurisdiction over a defendant, such exercise must comport with the Due Process Clause of the Constitution. See *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002). Due process is satisfied so long as a defendant's conduct with the forum state resulted from purposeful conduct such that he or she could "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Costco argues that under *Bristol-Myers Squibb Co. v. Superior Court of California, San Fancisco Cty.*, 137 S. Ct. 1773 (2017), this Court must dismiss the claims of Plaintiff Dodd, the California Subclass, and the putative Nationwide class because this Plaintiff and class members do not reside in New York. MOL 14. *Bristol-Myers* held that named plaintiffs in a mass lawsuit

cannot establish personal jurisdiction over a non-resident defendant unless their claims arise out of or relate to the defendant's contacts with the forum state. *Bristol-Myers*, 137 S. Ct. at 1780. However, the majority opinion in *Bristol-Myers* made no mention of nationwide class actions. In fact, Justice Sotomayor expressly noted in a footnote in her dissent that the Supreme Court left open "the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Id.* at 1789 n.4. Federal Courts across the country are currently deliberating the effect of *Bristol-Myers* on class actions, *see, e.g.*, *Broomfield v. Craft Brew Alliance Inc.*, 2017 U.S. Dist. LEXIS 142572, at *47 ("Regardless of the temptation by defendants across the country to apply the rationale of *Bristol-Myers* to a class action in federal court, its applicability to such cases was expressly left open by the Supreme Court and has yet to be considered by lower federal courts. Indeed, this Court may be among the first to rule on the implications of the decision for nationwide class actions."). Courts that have already considered this question have held that *Bristol-Myers* does not mandate dismissal of nationwide class actions. *See, e.g., Day v. Air Methods Corp.*, Civil Action No. 5: 17-183-DCR, 2017 U.S. Dist. LEXIS 174693, at *6 (E.D. Ky. Oct. 23, 2017); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp.*, No. 17-cv-00564 NC, 2017 U.S. Dist. LEXIS 155654, at *13-16 (N.D. Cal. Sep. 22, 2017).

Defendant's reliance on *Bristol-Myers* in order to deny remedy to consumers nationwide is over-stated. *Bristol-Myers* is distinguishable from the nationwide class at hand.  Chiefly, *Bristol-Myers* was not a class action; it was a mass tort action. *Bristol-Myers*, 137 S. Ct. at 1777. Unlike a mass tort action, in a class action the inquiry for personal jurisdiction lies with the ***named*** parties of the suit asserting their various claims against the defendant, ***not the unnamed proposed class members***. *Beach v. Citigroup Alt. Invs. LLC*, 2014 U.S. Dist. LEXIS 30032, at *17 (S.D.N.Y. Mar.

7, 2014) ("In an action brought as a class action, personal jurisdiction is based on a defendant's contacts with the forum state and actions giving rise to the named plaintiffs' causes of action. . . . Contacts with unnamed class members may not be used as a jurisdictional basis, especially before a class has been certified."); *Devlin v. Scardelletti*, 536 U.S. 1, 9-10, 122 S. Ct. 2005, 153 L. Ed. 2d 27 (2002) ("Nonnamed class members . . . may be parties for some purposes and not for others."); *see also AM Tr. v. UBS AG*, 78 F. Supp. 3d 977, 986 (N.D. Cal. 2015), *aff'd*, 681 F. App'x 587 (9th Cir. 2017). Here, Plaintiff Gonzalez brings her claims on behalf of herself and nationwide class and New York subclass. Costco does not, and could not, claim that this Court lacks personal jurisdiction over it for Plaintiff Gonzalez's claims. Furthermore, Costco does not cite a single authority to support its contention that the putative nationwide class should be dismissed.[1]

Accordingly, this Court may exercise personal jurisdiction over Costco for claims brought on behalf of the nationwide class.

## II.     Plaintiff Gonzales[2] Has Established That She Has Article III Standing.

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural

---

[1] The single case on which Costco relies to support its proposition that the putative classes should be dismissed, *Spratley v. FCA US LLC*, No. 17-cv-0062, 2017 U.S. Dist. LEXIS 147492 (N.D.N.Y. Sept. 12, 2017), does not discuss any nationwide class at all. In fact, recent case law supports the inclusion of a nationwide class. *Day v. Air Methods Corp.*, Civil Action No. 5: 17-183-DCR, 2017 U.S. Dist. LEXIS 174693, at *6 (E.D. Ky. Oct. 23, 2017) ("[P]ersonal jurisdiction lies with the named parties of the suit asserting their various claims against the defendant, not the unnamed proposed class members."); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp.*, No. 17-cv-00564 NC, 2017 U.S. Dist. LEXIS 155654, at *13-16 (N.D. Cal. Sep. 22, 2017) (holding that the court had personal jurisdiction over defendant as to the claims of a nationwide class).

[2] In so far as Costco challenges Plaintiff Dodd's standing, Plaintiffs have conceded that this Court lacks personal jurisdiction over Costco for Plaintiff Dodd's claims, and will be entering a notice of voluntary dismissal accordingly. Costco's Motion, in so far as it regards Plaintiff Dodd is therefore moot.

or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Hirsch v. Hui Zhen Huang*, No. 10-9497, 2011 WL 6129939, at *1 (S.D.N.Y. Dec. 9, 2011) (citing *Friends of the Earth Inc. v. Laidlaw Envtl.*, 528 U.S. 167, 180-81 (2000)). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Carter*, 822 F.3d at 56. "When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it (collectively the 'Pleading'), the plaintiff has no evidentiary burden." *Id.*[3] Plaintiff Gonzalez alleges economic injury, insofar as she purchased the Products based on misleading labeling which she otherwise would not have bought or would not have paid the price she did pay for them. Finally, Plaintiff Gonzalez's intention to remain an active consumer, including with regard to these Products, gives her standing to seek injunctive relief.

### A. Plaintiff Gonzalez Adequately Alleges Injury for Purposes of Article III Standing.

Plaintiff Gonzalez alleges economic injury. Plaintiff Gonzalez alleges that she purchased one or more of the Products, and that she would not have purchased those units, or would not have paid as much, had she known the true nature of the Product(s). SAC ¶¶ 15, 24, 97-98, 153. Thus, Plaintiff Gonzalez suffered economic injury in the form of paying for mislabeled products, or paying more for them than she would have if she had known the truth. *See Sierra Club v. Morton*, 405 U.S. 727, 733-34 (1972) ("[P]alpable economic injuries have long been recognized

---

[3] *See also, e.g.*, *Carter*, 822 F.3d at 56 ("'The party invoking federal jurisdiction bears the burden of establishing the[ ] elements' of Article III standing . . . but the stage at which, and the manner in which, the issue is raised affect (a) the obligation of the plaintiff to respond, (b) the manner in which the district court considers the challenge, and (c) the standard of review applicable to the district court's decision.").

as sufficient to lay the basis for standing."); *San Diego Gun Rights Comm. v. Reno*, 98 F.3d

1121, 1130 (9th Cir. 1996) ("Economic injury is clearly a sufficient basis for standing.");

*Ackerman*, 2013 WL 7044866, at *13 (collecting cases); *Pirozzi v. Apple, Inc.*, 913 F.Supp.2d

840, 846-847 (N.D. Cal. 2012) ("*Pirozzi I*") ("Overpaying for goods or purchasing goods a

person otherwise would not have purchased based upon alleged misrepresentations by the

manufacturer would satisfy the injury-in-fact and causation requirements for Article III

standing."); *see also Pirozzi v. Apple, Inc.*, 966 F. Supp. 2d 909, 917 (N.D. Cal. 2013) (quoting

*Pirozzi I,* 913 F.Supp.2d 840, 847 (N.D. Cal. 2012) ("Here, Plaintiff alleges that she was 'misled

as to the nature and integrity of [Defendant's] products.' That is enough to satisfy Article III's

injury-in-fact requirement.").[4]

### B.  Plaintiff Gonzalez Has Standing to Seek Injunctive Relief.

Plaintiff Gonzalez has standing to bring claims for injunctive relief. The Second Amended

Complaint alleges, "If Defendant's misleading conduct were remedied, i.e., if the Products were

altered to conform to the representations on the labels, Plaintiff Gonzalez would consider

purchasing the Products again." SAC ¶ 25. Plaintiff Gonzalez, however, was already deceived at

least once by the labels and now cannot be sure whether the Products are truthfully labeled.

Plaintiff Gonzalez therefore is being injured on an ongoing basis, through her inability to trust the

labels; because she would like to purchase the Products on the as-labeled basis, she has a stake in

ensuring honest conduct regarding the Products and knowing her true purchasing options. *See*

---

[4] On this point, Costco's argument rests not as much upon applicable precedent as upon a fact argument that Plaintiff did not allege how she learned of the misleading labeling, whether she saw the Products' ingredients list and did not properly link her injury to Costco's conduct. (MOL 11.) There is no requirement Plaintiff claim these facts, as they do not speak to the elements of any of her claims. Furthermore, Plaintiff does sufficiently link her injury with the actions of Costco. SAC 23-24, 79, 107-109, 113-115, 151-154, 160-161.

*Davidson v. Kimberly-Clark Corp.*, No. 15-16173, 2017 U.S. App. LEXIS 20670, at *4 (9th Cir. May 18, 2017) ("A consumer's inability to rely in the future upon a representation made on a package, even if the consumer knew or continued to believe the same representation was false in the past, is an ongoing injury that may justify an order barring the false advertising."); *Richardson v. L'Oreal USA, Inc.*, 991 F. Supp.2d 181, 192 (D.D.C. 2013) (finding standing where named plaintiffs, who were challenging labeling representations concerning the "salon-only" pedigree of cosmetic products, had not indicated intention not to purchase products in future); *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533–34 (N.D. Cal. 2012) ("[T]he record is devoid of any grounds to discount plaintiffs' stated intent to purchase in the future, thereby satisfying the requisites for standing.").

Costco's reliance on *Nicosia v. Amazon, Inc.*, 834 F.3d 220 (2d Cir. 2016), is misplaced. In *Nicosia*, the Second Circuit found that the plaintiff did not have standing to seek injunctive relief because plaintiff "failed to allege that he intends to use Amazon in the future to buy ***any*** products, let alone food or drug products generally or weight loss products in particular." *Id.* at 239.

Here, Plaintiff Gonzalez has clearly alleged that she would like to buy products that do not contain natural, harmful, and toxic chemical ingredients, and she would like to buy the Products again—if only she could trust Costco's representations on the labels. SAC ¶¶ 24-25.

Additionally, numerous decisions hold that even a plaintiff who is ***not*** likely to purchase a product again in the future nevertheless has standing to seek injunctive relief on behalf of a class. *See Le v. Kohls Dep't Stores, Inc.*, 160 F. Supp. 3d 1096, 1110-11 (E.D. Wis. 2016); *Shahinian v. Kimberly-Clark Corp.*, No. CV 14-8390 DMG (SHx), 2015 U.S. Dist. LEXIS 92782, at *11-12 (C.D. Cal. July 10, 2015); *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011

U.S. Dist. LEXIS 41077, at *20-21 (C.D. Cal. Apr. 11, 2011). Indeed, to "hold otherwise would denigrate the New York consumer protection statute, designed as a major support of consumers who claim to have been cheated." *Belfiore v. P&G*, 94 F. Supp. 3d 440, 445 (E.D.N.Y. 2015); *see also Ackerman*, 2013 WL 7044866, at *15 n.23 ("[C]ourts have consistently held that plaintiffs have standing to seek injunctive relief based on the allegation that a product's labeling or marketing is misleading to a reasonable consumer.") (collecting cases); *Koehler v. Litehouse, Inc.*, No. 12 CV 04055, 2012 WL 6217635, at *6 (N.D. Cal. Dec. 13, 2012) (finding standing because "[t]o do otherwise would eviscerate the intent of the California legislature in creating consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief").

### III. Plaintiff Gonzalez[5] States Viable Claims as a Matter of Law.

#### A. Plaintiff Gonzalez Pled Sufficient Facts to Support Her Warranty Claim.

Goznales alleges that she relied on the express warranty that the Products were "environmentally responsible." SAC ¶¶ 41, 156. This is a specific statement that appears prominently on the Products' front labels. In fact, on the dishwashing liquid, except for the "Kirkland" brand name, there is no text larger on the front of the label than "environmentally responsible." *Id.* ¶¶ 41. Thus, Costco's argument that the express warranty that Plaintiff saw

---

[5] In so far as Costco challenges the legal sufficiency of any of Plaintiff Dodd's claims, Plaintiffs have conceded that this Court lacks personal jurisdiction over Costco for Plaintiff Dodd's claims. For instance, Costco argues that Plaintiff Dodd claims are subject to a heightened pleading standard. Although this is not true, *see, e.g., McGraw Company v. Aegis Gen. Ins. Agency, Inc.*, No. 16-cv-00274-LB, 2016 WL 3745063, at *3-4 (N.D. Cal. July 13, 2016) ("The plaintiffs' legal claims are only partially grounded in fraud. The unjust-enrichment claim is grounded only in the fraud-infused charge of trade libel. . . . The plaintiffs thus do not allege a 'unified course of fraudulent conduct' within the meaning of *Kearns* and *Vess*."), Plaintiffs request this Court to dismiss Costco's motion related to Plaintiff Dodd as moot.

and relied upon does not appear anywhere on the Products is nonsense. MOL 15.

Costco's argument that Plaintiff Gonzalez's allegations are too "conclusory" to support their express warranty claims is also wrong. MOL 15. Gonzales specifically alleges that she relied on the "environmentally responsible" language on the label of each Product. *See, e.g.*, SAC ¶¶ 22, 24, 156-162.

Under New York law, "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods" or "any description of the goods" that is "part of the basis of the bargain" creates an express warranty. *See Williamson v. Stryker Corp.*, No. 12 CIV. 7083 CM, 2013 WL 3833081, at *8 (S.D.N.Y. July 23, 2013) (quoting N.Y. Uniform Comm. Code § 2–313). "To state a claim for breach of express warranty, the plaintiff must allege that it relied upon the warranty to its detriment." *Id.*, 2013 WL 3833081, at *8 (citing *Weiner v. Snapple Beverage Corp.*, No. 07 CIV 8742 DLC, 2011 WL 196930, at *5 (S.D.N.Y. Jan. 21, 2011)).

Plaintiff Gonzalez's allegations are sufficient to plead a claim for breach of express warranty under New York law. The Second Amended Complaint alleges that Costco was the seller of the Products, *e.g.*, SAC ¶¶ 4, 15, 32, 40, 80, 157; that Costco made affirmations of fact or promises regarding the Products, *e.g.*, *id.* ¶¶ 4, 6, 35-38, 40-43, 156-57; that Plaintiff Gonzalez purchased those Products, *e.g.*, *id.* ¶¶ 21-22, 98, 159; that Costco's misrepresentations regarding the Products formed part of the basis of the bargain between Plaintiff Gonzalez and Defendant, *e.g.*, *id.* ¶¶ 23-24, 157; and that Plaintiff Gonzalez relied on those misrepresentations to her detriment, *e.g.*, *id.* ¶¶ 24, 98, 151, 161. Thus, Plaintiff Gonzalez has alleged facts supporting each of the elements of her express warranty claim.

## B. Plaintiff Gonzalez May Plead Unjust Enrichment in the Alternative.

Costco argues that Plaintiff Gonzalez's unjust enrichment claim must be dismissed as

"duplicative" of her warranty claims. MOL 17-18. Under Federal Rule of Civil Procedure 8(d), however, a plaintiff may plead unjust enrichment in the alternative. *See, e.g.*, *St. John's Univ. v. Bolton*, 757 F. Supp. 2d 144, 183–84 (E.D.N.Y. 2010) ("At the pleading stage, Plaintiff is not required to guess whether it will be successful on its contract, tort, or quasi-contract claims. The Federal Rules of Civil Procedure explicitly permit Plaintiff to assert claims in the alternative."); *see also Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007) ("California courts, however, have held that a plaintiff may state a claim for unjust enrichment, particularly where their claim seeks restitution where other remedies are inadequate.") (citing *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 50 (Cal. 1996)).

To state a claim for unjust enrichment, a plaintiff must establish "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Medical Ctr. v. Horizon Blue Cross & Blue Shield, Inc.,* 448 F.3d 573, 586–87 (2d Cir. 2006) (quoting *Goldman v. Metropolitan Life Ins. Co.*, 5 N.Y.3d 561, 572 (N.Y. 2005)). "To plead a plausible claim to relief on a theory of unjust enrichment, plaintiffs must show a causal 'nexus' between a defendant's enrichment and their own expense that goes beyond mere 'correlation'." *See St. John's Univ.*, 757 F. Supp. 2d at 183–84 (quoting *Network Enters., Inc. v. Reality Racing, Inc.,* No. 09 Civ. 4664(RJS), 2010 WL 3529237, at *7 (S.D.N.Y. Aug. 24, 2010)).

The Second Amended Complaint pleads that Plaintiff Gonzalez is entitled to restitution for the benefits she conferred on Costco as a result of Costco's misrepresentations regarding the Products. SAC ¶¶ 13, 15, 80, 151-154. Plaintiff Gonzalez alleges that Costco benefited as a result of its misrepresentations, *id.* ¶¶ 151-154; that Costco benefitted at Plaintiff's Gonzalez's expense, *id.* ¶ 153; and that equity and good conscience require restitution to Plaintiff Gonzalez,

*id.* ¶ 154. Plaintiff Gonzalez has adequately alleged her unjust enrichment claim and is permitted to do so in the alternative to her express warranty claim.

### C. Plaintiff Gonzalez Alleges Pecuniary and Actual Harm.

In opposing Plaintiff Gonzalez's New York statutory claims, Costco argues that Gonzalez fails to allege injury "separate and apart from any alleged 'deception'." MOL 18-19 (quoting *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (N.Y. 1999)). The argument ignores Gonzalez' allegations that she suffered an economic injury as a result of Costco's deceptive acts and practices because she would not have purchased the Products, or would not have paid as much for the products had she knownw the truth. SAC ¶¶ 106, 108-109, 112, 114-15. Economic injury satisfies the injury pleading requirement for claims under New York General Business Law §§ 349 and 350. *See, e.g.*, *Ackerman*, 2013 WL 7044866, at *15 ("[P]laintiffs satisfied the causation and redressability elements of standing by stating that their economic injuries were fairly traceable to the alleged misrepresentations on the product's packaging, and that they sought 'to put an end to [d]efendants' deceptive marketing'.").

GBL § 349 provides that "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." *See id.*, 2013 WL 7044866, at *15 (quoting N.Y. Gen. Bus. Law § 349(a)). "To state a claim under § 349, a plaintiff must allege that: (1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *Id.* (quoting *Spagnola*, 574 F.3d at 74). The Second Amended Complaint alleges that Costco's misrepresentations regarding the Products were consumer-oriented. SAC ¶¶ 15, 34, 38-39, 46, 79, 107, 113. Plaintiff Gonzalez alleges that Costco's misrepresentations were materially misleading. *Id.* ¶¶ 21, 22, 25, 106, 109, 115. Plaintiff Gonzalez alleges that she was injured as a result of

Defendant's deceptive acts and practices. *Id.* ¶¶ 15, 97-98, 108-109, 112, 114-15, 153. Indeed, Plaintiff Gonzalez's pleadings go **beyond** what the GBL requires to state a claim. GBL § 349 does not require proof that any consumer actually relied on the alleged misrepresentation. *See, e.g.*, *Ackerman*, 2013 WL 7044866, at *15 (citing *Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005)). "Deceptive acts are defined objectively as acts likely to mislead a reasonable consumer acting reasonably under the circumstances." *Spagnola*, 574 F.3d at 74; *see also Leider v. Ralfe*, 387 F. Supp.2d 283, 292 (S.D.N.Y. 2005) (explaining that under GBL § 349, deceptive acts or practices are "those likely to mislead a reasonable consumer acting reasonably under the circumstances"). The Second Amended Complaint nevertheless alleges that Plaintiff Gonzalez relied on Costco's misrepresentations. *See, e.g.,* SAC ¶¶ 22-23. Plaintiff Gonzalez therefore has more than satisfied the GBL's pleading requirements.

### D. The Products Are Not What Reasonable Consumers Expect "Environmentally Responsible" Products to Be.

Plaintiffs' allegations are simple: the products were advertised as "environemtnally responsible" but, in fact, are not "evinronmentally responsible" because they contain chemiclas that are harmful to the environment and are not any safer or more natural than conventional detergents.

In arguing that the Court should dismiss Plaintiff Gonzalez's claims based on the "environmentally responsible" representation, Costco ignores the front-label representation and focuses on the caveats and disclaimers that appear on the back of the label. It impliedly asserts that "enviormentally responsible" advertising has no independent meaning outside of the sum of those disclaimers. MOL 20. Contrary to the law, Costco also appears to impose an obligation on the consumer to cross-examine front-label statements with back-label disclaimers, and to conduct scientific research to ascertain the veracity of the front label representation. However, the law

imposes no such burden. See, e.g., *Williams v. Gerber Prods. Co.*, 523 F.3d 934, 940 (9th Cir. 2008) (finding that "a busy parent walking through the aisles of a grocery store should [not] be expected to verify that the representations on the front of the box are confirmed" elsewhere on the box); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 287 (S.D.N.Y. 2014) (holding that "a reasonable consumer might also focus on the more prominent portion of the product label … and overlook the smaller text"); *In re Frito-Lay N. Am., Inc.*, No. 12-MD-2413, 2013 U.S. Dist. LEXIS 123824, at *54 (E.D.N.Y. Aug. 29, 2013) ("[T]his Court cannot conclude, as a matter of law, that the added context [of small-print explanatory text] to the 'All Natural' label meets the heavy burden of extinguishing the possibility that a reasonable consumer could be misled.") (emphasis added) (internal quotation marks omitted); *Ackerman v. Coca-Cola Co.*, No. CV 09 0395, 2010 U.S. Dist. LEXIS 73156, at *61-63 (E.D.N.Y. July 21, 2010) (holding that "[t]he fact that the actual sugar content of vitaminwater was accurately stated in [a back-label ingredient list] … does not eliminate the possibility that reasonable consumers may be misled" by the label's more prominent representations, as "even reasonable consumers may not read the nutritional label prior to every purchase of a new product").

Gonzales is entitled to rely on the front label representations and the reasonable consumer understanding of what "environemtnally responsible" means. Ultimately, Costco does not present any argument why Plaintiff Gonzalez's claims should be dismissed as a matter of law.

A motion to dismiss tests the legal, not factual, sufficiency of the plaintiff's claims. *See, e.g.*, *Goonewardena v. New York State Workers' Comp. Bd.*, No. 09-8244, 2011 WL 4822553, *3 (S.D.N.Y. Oct. 5, 2011) ("A motion to dismiss serves to test the sufficiency of the complaint and not to weigh evidentiary proffers."); *Ackerman*, 2010 WL 2925955, at *4 ("Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint."). Therefore,

"[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." Lujan, 504 U.S. at 561.

Whether representations on product labeling would deceive or mislead a reasonable consumer is a question of fact that cannot be addressed on a motion to dismiss. "[U]sually [the reasonable consumer] determination is a question of fact." *Hidalgo v. Johnson & Johnson Consumer Cos.*, 148 F. Supp. 3d 285, 295 (S.D.N.Y. 2015) (citation omitted); see *Delgado v. Ocwen Loan Servicing*, LLC, No. 13-CV-4427, 2014 WL 4773991, at *8 (E.D.N.Y. Sept. 24, 2014); *Ackerman*, 2010 WL 2925955, at *15-17; *see also Segedie v. Hain Celestial Group, Inc.*, No. 14-cv-5029, 2015 U.S. Dist. LEXIS 60739, at *28 (S.D.N.Y. May 7, 2015) ("Whether a reasonable consumer would be deceived by a product label is generally a question of fact not amenable to determination on a motion to dismiss."); *In re Frito-Lay N. Am., Inc. All Natural Litig.*, No. 12–MD–2413, 2013 WL 4647512, *13 (E.D.N.Y. Aug. 29, 2013) ("[W]hat a reasonable consumer would believe raises a factual dispute that cannot properly be resolved on a motion to dismiss.").

A determination of whether Costco's representations are deceptive or not is  a factual question and cannot be disposed of as a amatter of law at the pleading stage. Costco fails to show why the "environmentally responsible" representation is not deceptive as a matter of law.

The cases Costco cites do not show that the "environmentally responsible" is not deceptive as a matter of law, and are easily distinguishable. First, none of the cases cited by Defendant involve a household cleaner or define what it means to be "environmentally responsible." Additionally, the representations in the cases were found to be non-deceptive because they had clear definitions that were intrinsic to the representation itself or unambiguous disclaimers on the labels themselves. For instance, the court in *Henderson v. Gruma Corp.*, No. 10-cv-01473(AHM),

2011 U.S. Dist. LEXIS 41077, (C.D. Cal. Apr. 11, 2011), held that representing a dip as "with garden vegetables" was not deceptive only because the dip contained vegetables that could be grown in a garden. Id. at *28. There is simply no equivalent commonly-accepted definition for "environmentally responsible" that is satisfied by the information on Defendants' label. Plaintiff believed it meant that the Products "provide environmental and other benefits that traditional dish soaps and detergents do not" and "that a consumer who chooses to purchase the Products is acting in a manner beneficial to the environment," SAC ¶¶ 41-42, while it is not clear from Defendant's MOL that it had ever considered what it means to be "environmentally responsible" before this litigation.

In *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666 (E.D.N.Y. 2017), the court found that the representations were not deceptive, because of the existence of a disclaimer "*in close proximity*" that provided the clarifying information. *Id.* at 674 (emphasis added). In this case, however, the purported disclaimers are only found on the back of the label, rather than "in close proximity" to the more prominent front-label representations. Additionally, the Products' back-label information does not qualify as the kind of unambiguous disclaimer as found in Nelson—instead, this information "is exceedingly vague or requires consumers to make inferences," and thus fails to cure the front-label misrepresentations. *See Nelson*, 246 F. Supp. 3d at 675. An ordinary, reasonable consumer cannot be expected to have the kind of scientific knowledge necessary to know—simply from looking at an ingredient list—whether a listed chemical is "environmentally responsible" or harmful.  there is no disclaimer clearly defining how "environmentally responsible" is used. Reasonable consumers, when looking at the Products' labels, can only hope to make "inferences" as to whether the listed chemical qualify as "environmentally responsible;" this is not sufficient to extinguish the risk that a reasonable

consumer may be misled. *See id.*

Finally, Plaintiff does allege facts supporting the allegation that Plaintiff was deceived by the "environmentally responsible" representation and reasonable consumers continue to be deceived. SAC ¶¶ 22-24, 80, 88-89, 97-98, 107, 113. In any event, whether  Defendant's misrepresentations would deceive a reasonable consumer is a question of fact that cannot be addressed on a motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied.[6]

Dated: November 3, 2016
          Brooklyn, New York                              **THE RICHMAN LAW GROUP**

                                                          */s/ Kim E. Richman*
                                                          Kim E. Richman
                                                          krichman@richmanlawgroup.com
                                                          Clark A. Binkley
                                                          cbinkley@richmanlawgroup.com
                                                          81 Prospect Street
                                                          Brooklyn, NY 11201
                                                          Telephone: (212) 687-8291
                                                          Facsimile: (212) 687-8292

                                                          **AHDOOT & WOLFSON, P.C.**
                                                          Tina Wolfson
                                                          twolfson@ahdootwolfson.com
                                                          10728 Lindbrook Ave
                                                          Los Angeles, Califoria 90024
                                                          Telephone: (310) 474-9111
                                                          Facsimile: (310) 474-8585

                                                          *Counsel for Plaintiff and the Proposed Class*

---

[6] Plaintiff respectfully requests leave to amend should the Court dismiss any part of the Complaint, with such leave freely granted in this Circuit.  *See* Fed. R. Civ. P. 15(a); *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").
.