

81 Prospect Street, Brooklyn, NY 11201 / T: 718-705-4579 / F: 718-228-8522
www.richmanlawgroup.com

August 3, 2018

**VIA ECF**

The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Gonzalez v. Costco Wholesale Corp.,* Case No. 1:16-cv-02590

Dear Judge Orenstein:

    Respectfully, I write on behalf of Plaintiff to request a scheduling conference with the Court and counsel for all parties to the present litigation. This scheduling conference for discovery would resolve the issues that counsel are facing.

    By way of background, Plaintiff filed her complaint over two years ago, on May 20, 2016, but the parties have exchanged no meaningful discovery to date.

    Following multiple extension requests, Defendant filed its first motion to dismiss on December 22, 2016. On June 15, 2017, counsel for the parties met prior to a status conference, at which time counsel for Plaintiff suggested to Defendant's counsel that the parties set a time for an initial conference per F.R.C.P. 26(f). Defendant's counsel stated that they did not believe a Rule 26(f) conference was necessary because a date had not yet been set for a Rule 16 conference. Plaintiff's counsel renewed their request for a conference via email on June 22, 2017, to which Defendant's counsel responded by again denying the request.

    On November 2, 2017, following the filing of Plaintiff's Second Amended Complaint, Plaintiff's counsel once again requested via email that the parties set a date for a Rule 26(f) conference. On November 20, 2017, Defendant again communicated that it was taking the position that because a date for a Rule 16 conference had not yet been set, it was "unnecessary" to set a date for a Rule 26(f) conference. On the same day, Defendant filed its fully-briefed second motion to dismiss.

    In order to facilitate discovery, Plaintiff issued requests for production of documents per F.R.C.P. 26(d)(2) on February 21, 2018. On February 23, 2018, Defendant communicated that it was still taking the position that it would not engage in discovery until the Court had ruled on the motion to dismiss. The motion is still before this Court.

There is no stay on discovery in this litigation, and Defendant has not requested one. However, for the past two years, Defendant has behaved as though such a stay exists and has unilaterally blocked Plaintiff from obtaining *any* discovery.

Plaintiff respectfully submits that a conference call or in-person meeting with the Court and counsel would facilitate the parties meeting their F.R.C.P. 26 obligations. In the present case, there is no stay in discovery and thus, requests that the parties move forward with discovery while Defendant's motion to dismiss is pending. At this time, the parties are unable to come to a consensus as to how to proceed while the motion is before this Court. A scheduling conference with the Court would therefore help to facilitate discovery.

Thank you for your attention in this matter.

Very Truly Yours,

Kim E. Richman

cc:   All Counsel of Record (via ECF)